UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNAVAN,

Plaintiff,

v.

NEWSOM, et al.,

Defendants.

No. 1:26-cv-05903-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION AS DUPLICATIVE

(ECF No. 1)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

(ECF No. 1)

ORDER DENYING MOTION TO EXCEED PAGE LIMITATION AS MOOT

(ECF No. 3)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed July 28, 2026.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names the California Department of Corrections and Rehabilitation (CDCR), Governor Newsom, Jeff Macomber, and officer Federico as Defendants. Defendant Federico is sued in their individual capacity, and all other Defendants are sued in their official capacities.

Although Plaintiff's complaint is hard to decipher, it appears that Plaintiff presents

allegations arising from incidents that occurred from February 9, 2023, through July 16, 2026. Plaintiff specifically alleges that on July 16, 2026, each named Defendants actively colluded when Lamas took wheelchair leg support off Plaintiff's wheelchair violating policy as designated medical equipment should not be taken by staff. Plaintiff was coerced into using the wheelchair that was inoperative with missing safety parts. Plaintiff's feet got caught in the wheels causing the wheelchair to flip ejecting Plaintiff onto the blacktop. Plaintiff went to the emergency room him for exercising his protected right. Plaintiff requested the return of his DMEs, but was refused.

**III.**

**DUPLICATIVE ACTION**

On July 20, 2026, Plaintiff filed Cannavan v. Newsom, et al., Case No. 1:26-cv-05670-FJS (PC) ("Cannavan I").

In the Cannavan I complaint, Plaintiff names: (1) Governor Gavin Newsom; (2) California Department of Corrections and Rehabilitation ("CDCR") Division of Adult Services; (3) Secretary of CDCR Jeff Macomber; and (4) Correctional Officer A. Lamas, as Defendants. Defendant Lamas is sued in their individual capacity, and all other defendants are sued in their official capacities.

The Cannavan I complaint is virtually identical to the instant complaint, except Plaintiff has named Defendant Federico as the sole individual capacity defendant. Plaintiff again brings various claims based on several different legal theories. The only factual allegations relate to the July 16, 2026, incident where Plaintiff alleges that Defendant Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, causing Plaintiff's feet to be caught in the wheels, flipping the wheelchair, ejecting Plaintiff, and sending Plaintiff to the emergency room for treatment of his injuries. Plaintiff seeks identical relief. Compare (ECF No. 1 at 5), with Cannavan I, Compl., ECF No. 1 at 5.

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). A complaint that merely repeats pending or

previously litigated claims may be considered abusive and dismissed under § 1915. Cato, 70 F.3d at 1105 n.2. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 692–93 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. at 688 (internal quotations and citations omitted). That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit. If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice. Adams, 487 F.3d at 688.

Here, the allegations in the complaint in Cannavan I are identical to the allegations in the complaint filed in the instant action. Both cases name the same official-capacity Defendants, and differ only in the named individual-capacity Defendant. In both cases, Plaintiff alleges that on July 16, 2026, Correctional Officer Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, leading to Plaintiff's feet getting caught in the wheels of his wheelchair and his subsequent injuries.

Although Plaintiff names Defendant Federico, rather than Correctional Officer Lamas, in the instant action, Plaintiff does not include any factual allegations regarding Defendant Federico in the complaint. (See ECF No. 1.) To the extent Plaintiff believes he may state a claim against Defendant Federico that is also related to the July 16, 2026, wheelchair incident, he should raise those claims in his existing case, rather than attempting to bring a separate action.[1]

[1] The Court further notes that Plaintiff filed nearly twenty other cases in the last week that may also be duplicative of Cannavan I. See, e.g., 1:26-cv-06027-CDB; 1:26-cv-06029-BAM; 1:26-cv-06033-BAM; 1:26-cv-06034-EPG; 1:26-cv-06038-SAB; 1:26-cv-06041-EGC; 1:26-cv-06042-SAB; 1:26-cv-06044-SAB; 1:26-cv-06045-BAM; 1:26-cv-06046-EPG; 1:26-cv-06049-CDB; 1:26-cv-06051-FJS; 1:26-cv-06152-EGC; 1:26-cv-06165-HBK.

Based on this review, the Court finds it appropriate to recommend dismissal of this action as duplicative of Cannavan I. In light of this recommendation, the Court denies Plaintiff's motion to exceed page limits. (ECF No. 3.)

Lastly, Plaintiff includes a request for appointment of counsel in the complaint, arguing that appointment of counsel is appropriate to address his claims under the Americans with Disabilities Act. (ECF No. 1 at 32.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Upon review of Plaintiff's request, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners claiming protections under the Americans with Disabilities Act. These plaintiffs must also conduct legal research and draft pleadings without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. In addition, because the instant action is duplicative, the Court cannot find that Plaintiff's claims are likely to succeed, in this action, on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

///

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED as follows:

1. The Clerk of the Court is DIRECTED to randomly assign a district judge to this action;
2. Plaintiff's motion to exceed page limits, (ECF No. 3), is DENIED; and
3. Plaintiff's motion for counsel, (ECF No. 1 at 32), is DENIED.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed as duplicative.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 7, 2026**

STANLEY A. BOONE
United States Magistrate Judge